**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 13-08014BKT** |
| | **Chapter 7** |
| **EDITORIAL FLASH, INC** | |
| | |
| **Debtor** | |
| **NOREEN WISCOVITCH-RENTAS CHAPTER 7 TRUSTEE FOR THE ESTATE OF EDITORIAL FLASH, INC.** | **Adversary No. 14-00225 BKT** |
| **Plaintiff** | |
| **vs.** | |
| **LUZ MADELINE DIAZ VEGA** | |
| **Defendant** | **FILED & ENTERED ON 06/08/2015** |

**OPINION AND ORDER**

Before this court is a Motion to Dismiss pursuant to Fed. R. Bankr. P. 7012(b) filed by Defendant, Luz Madeline Diaz Vega ("Defendant") [Dkt. No. 8] and Plaintiff's Opposition to Defendants' Motion to Dismiss filed by the Chapter 7 Trustee for the Estate of Editorial Flash Inc., Noreen Wiscovitch Rentas, ("Plaintiff") [Dkt. No. 11]. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

### I.    Factual Background

This complaint, filed on September 24, 2014, originates from the chapter 7 bankruptcy case filed by Editorial Flash, Inc., ("Debtor") on September 28, 2013, case number 13-08014. In the complaint, Plaintiff alleges causes of action for fraudulent transfer and turnover of

preferential transfers pursuant to 11 U.S.C. § 547 and § 548. Plaintiff bases her claim on transfers made by Debtor to Defendant, between January 13, 2012 and December 15, 2012, totaling $7,843.62. Plaintiff argues she "has had little information regarding the preferential transfers due to Debtor's failure to provide documentation" [Dkt. No. 1, page 1]. As a result, Plaintiff claims the filing of the instant complaint is done to preserve the Estate's rights under the listed causes of action and reserves the right to dismiss the claim after further investigation.

On January 12, 2015, Defendant filed her Motion to Dismiss. Defendant contends that, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's complaint fails to state a claim upon which relief can be granted under both causes of action listed. Regarding the first cause of action for fraudulent transfer, based on 11 U.S.C. §548, Defendant argues that Plaintiff has identified as fraudulent transfers what is stated in the amended Statement of Financial Affairs [Dkt. No. 9 in the legal case] as being salary payments (item no. 23). Defendant further argues that Plaintiff has not alleged any facts to support a claim that Defendant: (a) received the transfer with actual intent to hinder, delay or defraud any entity, and (b) received a less than reasonably equivalent value in exchange for such transfer.

Regarding the second cause of action for preferential transfer, pursuant to 11 U.S.C. § 547, Defendant claims Plaintiff failed to present facts to establish that Defendant was a creditor of Debtor or that a payment for an antecedent debt was made. Defendant highlights the fact that Plaintiff "only makes a literal read out of the section of the Bankruptcy Code upon which she bases her claim."

Plaintiff claims in her opposition that her complaint's factual allegations do raise a right to relief. Plaintiff contends that Defendant has not met the burden of presenting evidence that would put the court in a position to conclude that the transfers were not preferential or

fraudulent. Plaintiff proceeds to include allegations, not included in the adversary complaint, regarding the amended Statement of Financial Affairs, particularly regarding pages 8-9 thereof, and explicitly questions for the first time whether Defendant was actually an employee of Debtor.

## II.  Standard of Review

A motion to dismiss simply tests the sufficiency of a complaint. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662 (2009). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (*quoting* Twombly, 550 U.S. at 556).

In evaluating the adequacy of a complaint, the First Circuit has adopted a two-pronged approach. See Soto–Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir.2011). The first prong is to identify the factual allegations and to distinguish them from "statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory." Id. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Allegations that "are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 662.

The second prong is whether the factual allegations would "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679

### III.    Legal Analysis

We now must determine whether the four corners of the complaint contain enough facts to state a plausible claim against Defendant. The first cause of action does not meet this standard. Without more, the Plaintiff recites the statutory language of 11 U.S.C. § 548 and incorporates that "Debtor made transfers of funds which were part of its property to the herein Defendant. The transfer of funds was for the amount of $7,843.62 from January 13, 2012 to December 15, 2012." Furthermore, Plaintiff contradicts herself by initially identifying Defendant as secretary of the Debtor and subsequently identifying her twice as Debtor's accountant.

The second cause of action does not meet the plausibility standard either because it simply paraphrases 11 U.S.C. § 547, providing no other factual information to support her allegations. As is, Plaintiff's complaint does not state a claim upon which relief can be granted. To survive a motion to dismiss, Plaintiff must do more than recite statutory language.

### IV.    Conclusion

WHEREFORE, IT IS ORDERED that the Motion to Dismiss filed by Defendant shall be, and it hereby is, GRANTED. The adversary case is dismissed.

SO ORDERED

In San Juan, Puerto Rico, this 8th day of June, 2015.

Brian K. Tester
U.S. Bankruptcy Judge