IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.  14-08014 BKT |
| | Chapter 7 |
| EDITORIAL FLASH, INC. | |
| | |
| **Debtor** | |
| NOREEN WISCOVITCH-RENTAS CHAPTER 7 TRUSTEE FOR THE ESTATE OF EDITORIAL FLASH, INC. | Adversary No. 14-00225 BKT |
| **Plaintiff** | |
| vs. | |
| LUZ MADELINE DIAZ VEGA | |
| | FILED & ENTERED ON 07/27/2015 |
| **Defendant** | |

## OPINION AND ORDER

Before this Court is an *Amended Motion Requesting Order Setting Aside Opinion and Order Entered on June 8, 2015* [Dkt. No. 19] filed by Noreen Wiscovitch Rentas ("Plaintiff"), in her capacity as chapter 7 Trustee for Editorial Flash, Inc. ("Debtor"). For the reasons set forth below, the Trustee's *Amended Motion* [Dkt. No. 19] is DENIED.

### I.       Factual Background

On June 8, 2015, this Honorable Court entered an Opinion and Order granting Luz Madeline Diaz Vega's ("Defendant") Motion to Dismiss alleging the failure to state a claim upon

1

which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 14]. On the aforementioned Order, this Court concluded that Plaintiff did not allege sufficient facts to sustain her cause of action pursuant Sections 547 and 548 of the Bankruptcy Code based on a two-pronged approach; the first prong being to identify the factual allegations and the second prong, whether the allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011).

With regards to the first cause of action, this Court found that it did not meet the plausibility standard because the Plaintiff recited the statutory language of 11 U.S.C. § 548 and stated that "Debtor made transfers of funds which were part of its property to the herein Defendant. The transfer of funds was for the amount of $7,843.62 from January 13, 2012 to December 15, 2012." Furthermore, Plaintiff contradicted herself by initially identifying Defendant as Debtor's secretary and then subsequently identifying her twice as Debtor's accountant.

With regards to the second cause of action, this Court found that it did not meet the plausibility standard either because it simply paraphrased 11 U.S.C. § 547, providing no other factual information to support her allegations. As it was, Plaintiff's complaint did not state a claim upon which relief could be granted given that, to survive a motion to dismiss, Plaintiff must do more than recite statutory language.

In her *Amended Motion Requesting Order Setting Aside Opinion and Order Entered on June 8, 2015*, Plaintiff states that a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should only be granted where facts alleged in the complaint, if presumed to be true, fail to state a claim for which relief may be granted. See Butler v. Deutsche Bank Trust Company Americas, 2007,

QS3, --- F.3d ---- 2014 WL 1328296 (1st Cir. April 4, 2014). Plaintiff contends that in the complaint filed in the instant case she establishes that there were several preferential and/or fraudulent transfers between Debtor and Defendant, as evidenced by the documents filed by Debtor in the main Bankruptcy Case. She alleges that Defendant has not provided a single shred of evidence that would allow this Court to conclude that the alleged facts do not constitute preferential transfers and/or fraudulent transfers, pursuant 11 U.S.C. §547, §548, or that Defendant should not be considered an insider, pursuant to 11 U.S.C. §101(30). Plaintiff concludes that because of the aforementioned, the adversary proceeding must not be dismissed and that even if this Court considers that the allegations included in the complaint do not constitute sufficient basis to state a claim against Defendant, Plaintiff should be allowed to amend the complaint before such dismissal is allowed.

## II. Discussion

Courts often entertain motions for reconsideration under either Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. See Perez–Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir.1993). The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr. D.P.R. Aug. 29, 2013).

3

While Plaintiff's motion to alter or amend the order granting Defendant's motion to dismiss does not specifically state under which rule or statute Plaintiff is making its request, based on the title of her motion and the fact that it was filed within fourteen (14) days from the entry of the Order granting Defendant's Motion to Dismiss, it can be presumed that Plaintiff's request is made pursuant to Fed. R. Bankr. P. 9023. This, in turn, makes Fed. R. Civ. P. 59(e) applicable to this adversary proceeding. See Rosario Méndez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009). [1] Thus, a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). Furthermore, a motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the Court. See Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202 n. 4 (D.P.R.1999). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or re-argues theories already properly disposed of by the Court. See e.g. Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994); Resolution Trust Corp. v. Holmes, 846 F.Supp. 1310, 1316 (S.D.Tex.1994) (footnotes omitted). Summarily, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va.1977).

The purpose of a motion for reconsideration is to bring to the court's attention newly discovered evidence that was not available at the time of the entry of the order, changes in

---

[1] A motion for reconsideration filed within fourteen (14) days of the entry of the order or judgment sought to be reconsidered is treated as a motion to alter or amend under Fed. R. Civ. P. 59(e). Rosario Méndez v. Hewlett Packard Caribe, 660 F. Supp. 2d at 232.

4

existing law, or errors in the court's application of the law. The court need not consider arguments raised for the first time in a motion for reconsideration. This court finds that Plaintiff could have raised the argument of sufficiency of the evidence prior to the entry of the June 8, 2015 Order, but failed to do so.

In the instant case, Plaintiff alleges that Defendant was a creditor, to whom transfers were made on account of an antecedent debt, during the preferential period of an insider, that would enable Defendant to receive a larger share of the estate than if the transfer had not been made. Based on this, Plaintiff concludes that Debtor made several preferential transfers and/or fraudulent transfers to Defendant, pursuant §547 and §548 of the Bankruptcy Code. Section 547(b) states that:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property-
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made--
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if--
>     (A) the case were a case under chapter 7 of this title [11 USCS §§ 701 seq.];The US Supreme Court has ruled that:
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

On the other hand, section 548(a) of the Bankruptcy Code reads:

5

**(1)** The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

**(A)** made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

**(B)**

**(i)** received less than a reasonably equivalent value in exchange for such transfer or obligation; and

**(ii)**

**(I)** was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

**(II)** was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

**(III)** intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

**(IV)** made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

Pursuant to section 547, Plaintiff may avoid a transfer if all of the 5 *prima facie* elements are complied with. However, Plaintiff fails to establish if the transfers she seeks to avoid were made to or for the benefit of a creditor, for or on account of an antecedent debt owed by the Debtor before such transfer was made, and whether or not such transfer was made while Debtor was insolvent. Additionally, Plaintiff fails to establish cause to avoid the transfers to Defendant pursuant to section 548 of the Bankruptcy Code. Plaintiff's complaint is devoid of any facts which would allow this Court to give rise to the assumption that the Defendant was an insider. That being said, the fact that Defendant may have been an insider would only allow Plaintiff to

extend the time under which a transfer may be avoided from ninety days to one year before the filing of the petition. Such fact is irrelevant to this Court's analysis and subsequent findings.

Finally, Plaintiff's motion for reconsideration fails to provide convincing reasons why the court should revisit its June 8, 2015 Order. Similarly, Plaintiff offers no compelling facts or law in support of repealing the court's prior decision. Debtor fails to present newly discovered evidence or any intervening change in law. Rather, in disagreeing with this Court's June 8, 2015 Order, Plaintiff attempts to raise new arguments at reconsideration to sway the court's initial findings. Plaintiff's arguments, however, do not warrant reconsideration by this Court.

**III.    Conclusion**

WHEREFORE, IT IS ORDERED that Plaintiff's *Amended Motion Requesting Order Setting Aside Opinion and Order Entered on June 8, 2015* shall be, and it hereby is, DENIED.

SO ORDERED

In San Juan, Puerto Rico this 27th day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge